HERBERT ROBINSON, an Infant, by WINFIELD ROBINSON, His Guardian ad Litem, Respondent, *v.* THE PRESIDENT AND TRUSTEES OF THE VILLAGE OF MONTICELLO, Appellant, Impleaded with Another.

*Negligence — master and servant — child struck by truck — when driver hired by contractor in general employ of village for which work was being done.*

*Robinson* v. *Prest., etc., Village of Monticello,* 209 App. Div. 841, affirmed.

(Argued May 13, 1925; decided June 2, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 20, 1924, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendants. The question was whether the driver of a truck which struck plaintiff and caused the injuries complained of was in the employ at the time of the accident of the defendant village for which the owner of the truck and employer of the driver was doing construction work pursuant to a contract.

*John Bright* and *Abram F. Servin* for appellant.
*Leslie E. Hicks* and *Arthur C. Kyle* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

SIMON DONIGER, Appellant, *v.* ST. MARK'S HOLDING CORPORATION et al., Respondents.

*Lease — action to enjoin breach of alleged covenant.*

*Doniger* v. *St. Mark's Holding Corporation,* 211 App. Div. 808, affirmed.

(Submitted May 14, 1925; decided June 2, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 28, 1924, unanimously

affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term. The action was for an injunction to restrain the respondents from leasing or subletting the whole or any part of the block front from Union street to Eastern parkway on the easterly side of Franklin avenue, in the borough of Brooklyn, for the use and occupancy as a drug store and for the purchase, sale and distribution of drugs in any form whatsoever and for the purchase, sale or distribution of ice cream in connection with the said drug store, until February 15, 1932, in violation of an alleged covenant contained in a lease.

*Theodore B. Chancellor* and *A. Loeb Salkin* for appellant.
*Arthur Hutter* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

JOHN PALMIERI, Appellant, *v.* CLARA KATZENBERG, Respondent.

*Vendor and purchaser — real property — marketability of title.*

*Palmieri* v. *Katzenberg*, 209 App. Div. 889, affirmed.

(Argued May 14, 1925; decided June 2, 1925.)

APPEAL from a judgment, entered December 6, 1924, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing judgment in favor of defendant. The action was to recover moneys paid on account of the purchase price of real property. The defendant counterclaimed for specific performance of the contract to purchase. Plaintiff contended that a certain judgment recovered against defendant's predecessor in title a year after it conveyed its title to the premises was nevertheless a lien upon the property rendering the title unmarketable.